UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JUSTIN JAMES EUGENE CLARK,

    Plaintiff,

    v.                                 CAUSE NO. 3:23-CV-379-DRL-MGG

JOHN GALIPEAU,

    Defendant.

## OPINION AND ORDER

Justin James Eugene Clark, a prisoner without a lawyer, filed a complaint asking to be transferred "to a Mental Health Unit within IDOC to address the trauma occurred during this abuse, and a permanent restraining order against these defendants." ECF 3 at 13. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Ms. Clark[1] alleges she is being threatened and neglected by staff at the Westville Correctional Facility. She alleges she is "a mentally ill prisoner who has a history of suicide attempts in this prison, and a history of serious self harm while in I.D.O.C. that

---

[1] Justin Clark is housed in a men's prison but identifies as a "Trans-Gender-Female." ECF 3 at 5.

required hospitalization and surgery!" ECF 3 at 4-5. She alleges "I'm prone to random suicidal actions, thoughts, and behaviors." *Id*. at 3. She acknowledges she has not been taking her medications, which "has made hearing voices worse, severe chest pains, bad blood pressure, bad depression, and suicidal thoughts, and urges[.]" *Id*. at 8.

The complaint names six defendants, but only Warden John Galipeau, in his official capacity, has both the authority and the responsibility to ensure Ms. Clark receives adequate medical treatment and is protected from harm by prison staff and herself. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Warden Galipeau is the only defendant who can provide Ms. Clark with the relief she seeks.

For these reasons, the court:

(1) GRANTS Justin James Eugene Clark leave to proceed against Warden John Galipeau in his official capacity for permanent injunctive relief to obtain constitutionally adequate medical treatment and protection from harm by prison staff and herself;

(2) DISMISSES all other claims;

(3) DISMISSES Garry Lewis, Rojo, Crittendon, Nolan, and Bridegroom;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden John Galipeau at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 3); and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Warden John Galipeau to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

May 15, 2023                                                      *s/ Damon R. Leichty*
                                                                              Judge, United States District Court